UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AYANNA HICKMAN, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>MITTAS INN, LLC, and HAP, INC., )<br>)<br>    Defendants; )<br>)<br>MITTAS INN, LLC, )<br>)<br>    Cross Claimant, )<br>)<br>        v. )<br>)<br>HAP, INC. )<br>)<br>    Cross Defendant. ) | Civil Action No. 17-30003-MGM |

REPORT AND RECOMMENDATION REGARDING MOTIONS OF DEFENDANTS
MITTAS INN, LLC AND HAP, INC. TO DISMISS THE COMPLAINT WITH PREJUDICE
UNDER F.R.C.P. 37 AND L.R.C.P. 3.1 AND SUPPLEMENTAL MOTIONS SEEKING THE
SAME RELIEF
(Dkt. Nos. 57, 58, 74, 76)

ROBERTSON, U.S.M.J.

    I.      INTRODUCTION

    Plaintiff AyAnna Hickman ("Plaintiff") filed suit against Mittas Inn, LLC and HAP, Inc. (collectively, "Defendants") alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1968 as amended and Massachusetts General Laws ch. 151B ("Chapter 151B"), and aiding and abetting in violation of Chapter 151B.

    In or around March 2018, defendant HAP, Inc. filed a motion seeking dismissal of Plaintiff's case as a sanction for her repeated failures to appear for her deposition. Defendant Mittas Inn, LLC filed a motion for leave to join in HAP, Inc.'s motion for dismissal (collectively,

"Sanctions Motions"). Defendants' Sanctions Motions were filed after Plaintiff's attorney (with notice to opposing counsel) filed an *ex parte* motion for leave to withdraw from the case. Concluding that Plaintiff should be notified of the possible consequences of failing to cooperate in discovery before any sanctions were imposed, the court scheduled an April 27, 2018 show cause hearing. At the hearing, the court ordered Plaintiff to cooperate in discovery and told her about the possible consequences of failing to do so, including possible dismissal of her case. Based on a colloquy with Plaintiff about her personal circumstances, the court extended the deadline for completion of non-expert discovery to August 3, 2018. On August 13 and 14, 2018, respectively, Defendants filed supplemental motions seeking dismissal of Plaintiff's complaint for her continuing failure to appear for her deposition and to respond to Defendants' written discovery requests ("Supplemental Sanctions Motions").[1]

Defendants' Sanctions Motions and the Supplemental Sanctions Motions have been referred to the undersigned for report and recommendation (Dkt. Nos. 62, 72, 77). *See* 28 U.S.C. § 636(b)(1). For the reasons set forth below, the court recommends that Defendants' Sanctions Motions be deemed moot and that Defendants' Supplemental Sanctions Motions be GRANTED.

II.     RELEVANT BACKGROUND

Plaintiff filed her complaint on January 11, 2017 (Dkt. No. 1) through counsel (Dkt. No. 2). On May 27, 2017, this court entered a scheduling order setting a November 17, 2017 deadline for the completion of non-expert discovery (Dkt. No. 21). The court extended this

---

[1] Defendant HAP, Inc. filed a Supplemental Motion to Dismiss the Complaint with Prejudice under F.R.C.P. 37 and L.R.C.P. 3.1 on August 13, 2018 as Docket Entry 73. On the same date, HAP, Inc. filed an amended version of the same motion as Docket Entry 74. The court recommends that the presiding District Judge find as moot HAP, Inc.'s motion to dismiss at Docket Entry 73 in view of the amended filing seeking the same relief, which appears at Docket Entry 74.

deadline for general purposes, first to December 18, 2017 (Dkt. No. 41), then to February 15, 2018 (Dkt. No. 43). On February 8, 2018, the court extended the non-expert discovery deadline to March 19, 2018 for the limited purpose of permitting Defendants to take Plaintiff's deposition. On February 16, 2018, Plaintiff's counsel, having given notice to opposing counsel, filed an *ex parte* motion to withdraw from the case. On March 22, 2018, HAP, Inc. filed its first Sanctions Motion seeking dismissal of the complaint based on Plaintiff's repeated failure to appear for deposition (Dkt. No. 57), in which Mittas Inn, LLC joined (Dkt. No. 58). At a March 22, 2018 status conference, the court granted the motion by Plaintiff's counsel for leave to withdraw and ruled that a show cause hearing at which Plaintiff would be present should be scheduled (Dkt. No. 59).

Plaintiff attended the April 27, 2018 show cause hearing by telephone. During the hearing, the court ordered her to cooperate in discovery – i.e., to respond to outstanding document production requests, answer outstanding interrogatories, and appear for her deposition – or face possible dismissal of her case. The court directed Plaintiff to provide Defendants with her an email address for purposes of service of documents and communications about scheduling. Taking into account Plaintiff's *pro se* status and her representations about her personal circumstances, the court extended to August 3, 2018 the time for plaintiff to comply with basic discovery obligations (Dkt. No. 68).

Documents submitted to the court show that Defendants noticed Plaintiff's deposition on October 16, 2017; December 6, 2017; February 6, 2018; and March 16, 2018. Plaintiff failed to appear for each of these depositions, several times notifying Defendants that she did not intend to appear on the eve of the scheduled date (Dkt. No. 57-1 at 3-4). At no time did she provide support for her claimed inability to appear. Following the April 27, 2018 show cause hearing, on

May 16, 2018, having previously confirmed Plaintiff's email address, defense counsel for Mittas Inn, LLC emailed Plaintiff copies of written discovery requests for which responses were overdue. On May 30, 2018, having previously confirmed that the email address supplied by Plaintiff was valid, defense counsel for HAP, Inc. requested that Plaintiff provide responses to specifically identified outstanding discovery requests and asked for deposition dates (Dkt. No. 75 at 6). Plaintiff did not respond. On June 8, 2018, via email, Hap, Inc.'s defense counsel served a deposition notice on Plaintiff, setting a July 24, 2018 date for her deposition. Plaintiff did not respond. On July 19 and 20, 2018, Hap Inc.'s defense counsel reminded Plaintiff of the July 24, 2018 deposition date. On July 23, 2018, Plaintiff sent counsel an email stating as follows:

> Hello Attorney/s [sic],
>
> My sincerest apology, but kindly be advised, I am unable to attend the deposition you have scheduled on July 24th, 2018 due to health related matters concerning myself AND my children. I am not a lawyer. I am unsure who this notice should be sent to.
>
> My child was shot twice from behind, which has gravely affected our lives. In addition, I have a few health challenges as well and I have been treating with several doctors. I pray for your understanding?
>
> Thank you all.
>
> Respectfully,
>
> AYANNA HICKMAN

(Dkt. No. 75 at 3-22). Although the Clerk's Office did its best to ensure that Plaintiff knew how to communicate with the court, Plaintiff has at no time requested relief from the court. She has not explained her failure to respond to written discovery requests. She has provided no documentation, from a medical provider or otherwise, substantiating her claims of unavailability, which is consistent with the pattern she established with respect to deposition notices issued by Defendants prior to the April 27, 2018 show cause hearing. So far as the court is aware,

following her July 23, 2018 email, Plaintiff has not communicated with Defendants. She did not file oppositions to Defendants' Sanctions Motions or Supplemental Sanctions Motions. [2]

### III. LEGAL STANDARD

Defendants seek dismissal of Plaintiff's claims against them based on her failure to appear for her deposition notwithstanding the court's order requiring her to attend and for otherwise failing to cooperate in discovery (Dkt. Nos. 74, 76). Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions for failure to obey a court order directing compliance with discovery obligations, up to and including the sanction of dismissal in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (stating that if a party fails to obey an order to provide discovery, the court may issue further just orders, including dismissing the action in whole or in part).[3] A dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

---

[2] Additional relevant information was provided *ex parte* by Plaintiff's former counsel in support of his request to withdraw from the case. The court takes this information into account as further background in connection with its recommendation that Plaintiff's case be dismissed.

[3] The list of possible sanctions set out in Rule 37(b)(2)(A), which is not meant to be exhaustive, includes:

    (i)    directing that the matters embraced by the order or other designated facts be taken as established for purposes of the actions, as the prevailing party claims;
    (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii)    striking pleadings in whole or in part;
    (iv)    staying further proceedings until the order is obeyed;
    (v)    dismissing the action or proceeding in whole or in part;
    (vi)    rendering a default judgment against the disobedient party; or
    (vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Whether to sanction a litigant for failure to obey a court order "depends on the circumstances of the case." *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43-44 (1st Cir. 2007). The First Circuit has established a non-exhaustive list of substantive and procedural factors to consider when a court imposes sanctions for failure to comply with a discovery order, including:

> "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. . . . [There is] a procedural dimension . . . as well, which addresses concerns such as notice, [and] opportunity to be heard. . . ."

*Id.* at 44 (quoting *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2-3 (1st Cir. 1996)). Plaintiff's status as a self-represented litigant since March 2018 should also be considered. *See generally Zhuang v. Saquet*, 303 F.R.D. 4 (D. Mass. 2014) (dismissing the case after the self-represented plaintiff failed to comply with the court's discovery orders despite warnings that failure to cooperate in discovery could result in dismissal). "The totality of the circumstances should be considered when assessing the appropriateness of a [requested] discovery sanction." *Mulero-Abreu v. P.R. Police Dept.*, 675 F.3d 88, 93 (1st Cir. 2012). Here, the sanction sought by Defendants is dismissal of Plaintiff's claims with prejudice. "Dismissal with prejudice is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme and only after the district court has determined that none of the lesser sanctions available to it would be truly appropriate." *Estate of Solis Rivera v. United States*, 993 F.2d 1, 2 (1st Cir. 1993).

IV. DISCUSSION

Considering the substantive factors first, "[w]ithout a doubt, the disregard of court orders qualifies as extreme behavior." *Malot*, 478 F.3d at 44. Plaintiff has ignored the court's order to

6

respond to Defendants' written discovery requests and make herself available for deposition. Throughout the litigation, she ignored the cost and inconvenience to Defendants when she repeatedly decided not to appear for deposition and notified Defendants at the last minute that she would not appear. She has not explained why she has not responded to written discovery requests. Her excuses (when she has provided them) for failing to appear for depositions have been unpersuasive, tendered, as they have been, without support from medical providers or other individuals. *See McKeague v. One World Techs., Inc.*, 858 F.3d 703, 706-07 (1st Cir. 2017) (expressing skepticism concerning "bald assertion" about reasons for delays). The delay and neglect can in no way be attributed to Plaintiff's attorney: Defendants acknowledged that, before withdrawing, Plaintiff's counsel did everything he could to respond to their discovery requests. *Contrast id.* at 705-06 (repeated delays in litigation were caused by the plaintiff's attorneys).

As to prejudice to the other side and the operations of the court, delay because of a plaintiff's repeated failure to cooperate in discovery and failure to comply with a court order to do so "hinders [this] [c]ourt's ability to manage its docket and is unfairly prejudicial to [Defendants who] ha[ve] made every effort to comply with the [c]ourt's case management orders." *Zhuang*, 303 F.R.D. at 8. The case was filed in January 2017. Some twenty months later, non-expert discovery is at a standstill and Defendants lack fundamental information necessary to assess the factual basis for the claims asserted against them. Plaintiff has given no indication that she intends to cooperate in discovery or is interested in pressing her claims. The substantive factors weigh in favor of dismissal pursuant to Rule 37(b)(2)(v).

The so-called procedural factors also weigh in favor of dismissal. First, Plaintiff's *pro se* status, for which she is responsible, does not relieve her of her obligation to comply with all of the court's procedural rules and orders. *See Brown v. Dept. of Veterans Affairs*, 451 F. Supp. 2d

273, 277 (D. Mass. 2006) ("*Pro se* plaintiffs, like all parties, must 'comply with the applicable procedural and substantive rules of law.'") (quoting *Overton v. Torruella*, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)). Moreover, Plaintiff's *pro se* status is of her own making. She was represented by an able and experienced attorney who would have represented her zealously and effectively.

Second, before entering an order of dismissal with prejudice, the court must consider what, if anything, Plaintiff knew about the risk of dismissal when she failed and refused to cooperate in discovery. "Although prior notice is not a prerequisite to dismissal with prejudice, it is an important consideration." *Malot*, 478 F.3d at 45 (citing *Robson*, 81 F.3d at 3). In this case, deeming Defendants' March 2018 Sanctions Motions premature, the court scheduled a show cause hearing to ask about the status of the case, ensure that the parties had each other's contact information and the ability to communicate, and be sure that Plaintiff was told – and understood – that if she did not cooperate in discovery and let her case languish, it likely would be dismissed. *See Mulero-Abreu*, 675 F.3d at 94 ("[P]laintiffs were twice explicitly warned that if they neglected to comply [with orders to respond to discovery requests] by a specified date, their case would be dismissed."); *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 130 (1st Cir. 2011) (affirming dismissal of case where court issued warnings to plaintiff before dismissing her case); *Zhuang*, 303 F.R.D. at 5-7 (granting the defendant's motion to dismiss where the *pro se* plaintiff was warned that failure to produce the requested documents by a date certain could result in dismissal or a monetary sanction and the court issued subsequent warnings about dismissal, including an in-person warning at a show cause hearing attended by plaintiff); *contrast Malot*, 478 F.3d at 45 (reversing dismissal with prejudice where the trial court did not attempt to

exhaust milder sanctions and did not warn plaintiffs they might face dismissal with prejudice of their claims before entering a dismissal order).

While there is a "strong presumption in favor of deciding cases on the merits," *Malot*, 478 F.3d at 43 (citing *Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir. 2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002)), "at some point, this preference takes a backseat to the important goals of maintaining a fair and orderly adversarial process." *McKeague*, 858 F.3d at 708.  None of the lesser sanctions listed in Fed. R. Civ. P. 37(b)(2)(A) would make sense in this context, where Plaintiff, so far as appears from the record, has either abandoned her case or has no workable plan for moving it towards resolution on the merits on a timely basis.  "[T]he law is well-established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and has been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal." *HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Cañas, Inc.*, 847 F.2d 908, 918 (1st Cir. 1988).

V.     CONCLUSION

For the foregoing reasons, this court recommends that Defendants' Sanctions Motions be deemed moot, that Defendants' Supplemental Sanctions Motions be GRANTED pursuant to Fed. R. Civ. P. 37(b)(2)(v), and that Plaintiff's claims be dismissed with prejudice.[4]

---

[4] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702

/s/ Katherine A. Robertson<br>
KATHERINE A. ROBERTSON<br>
United States Magistrate Judge

DATED:  October 23, 2018

---

F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.